JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone:  (510) 637-3929
   Facsimile:   (510) 637-3724
   E-Mail:     Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-0176 CW |
|    Plaintiff, ) | UNITED STATES' SENTENCING MEMORANDUM FOR DEFENDANT EDWARD ROBERT JAMES |
| v. ) | |
| EDWARD ROBERT JAMES, ) | Hearing Date:  August 13, 2008 |
|    Defendant. ) | Hearing Time:  2:00 p.m. |

UNITED STATES' SENTENCING MEMORANDUM
FOR DEFENDANT EDWARD ROBERT JAMES

# I.

# INTRODUCTION

For the reasons set forth below, the government respectfully requests that this Court, after considering the advisory sentencing guidelines and the factors set forth in 18 U.S.C. § 3553(a), sentence defendant to 48 months imprisonment, one year of supervised release (with conditions to be fixed by the Court and as agreed to by the defendant below), $ 0 fine, $ 100 special assessment, and $ 0 restitution.

# II.

# PROCEDURAL HISTORY

On March 19, 2008, a federal grand jury indicted defendant for one count of using a telecommunications facility (telephone) to facilitate/commit narcotics trafficking, specifically the distribution of 72.8 grams of crack cocaine; one count of distributing 72.8 grams of crack cocaine; and one count of distributing crack cocaine within 1,000 feet of public housing in violation of 21 U.S.C. §§ 843(b), 841(a)(1), (b)(1)(A)(iii), and 860. On April 30, 2008, defendant pleaded guilty pursuant to a plea agreement according to Federal Rule of Criminal Procedure 11(c)(1)(C). In it, the government agreed to dismiss counts two and three of the indictment against defendant in return for defendant's guilty plea to count one. The Court ordered the United States Probation Office (USPO) to prepare a presentence report (PSR). A sentencing hearing is presently scheduled for August 13, 2008.

# III.

# SENTENCING GUIDELINES CALCULATIONS

The parties agree with the USPO's computation of the sentencing guidelines applicable to defendant (contained in PSR ¶¶ 14-24) as follows:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. §§ 2D1.2(a)(1), 2D1.1(c)(4) |
| | – 3 | U.S.S.G. § 3E1.1(a) & (b) (acceptance of responsibility) |
| Total | 29 | |

## IV.

## DISCUSSION OF GUIDELINES CALCULATIONS

### A. U.S.S.G. §§ 2D1.2(a)(1), 2D1.1(c)(4) (base offense level)

Defendant admitted in the factual basis section of the plea agreement (paragraph 2) that on January 19, 2007, he knowingly and intentionally used a telephone to facilitate and commit the distribution of 72.8 grams of crack cocaine in exchange for cash within 1,000 feet of public housing. As a result, the base offense level is 32. (PSR ¶ 14).

### B. U.S.S.G. § 3E1.1 (acceptance of responsibility)

The government respectfully recommends that the defendant be granted a three-point reduction in offense level under U.S.S.G. §§ 3E1.1(a) and (b) for acceptance of responsibility.

### C. Ultimate Guideline Offense Level and Guideline Range

With an adjusted offense level of 29 and a criminal history category of II, the applicable advisory guideline range is 97-121 months imprisonment. (PSR ¶ 53). However, the statutory maximum for the offense of conviction is 48 months imprisonment. Both the government and the USPO recommend that defendant receive the statutory maximum sentence of 48 months imprisonment.

## V.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court, taking into consideration the sentencing guidelines and sentencing factors set forth in section 3553(a), sentence defendant to 48 months imprisonment and a $100 special assessment. In addition, as agreed to by the parties, the government requests that the Court impose a one-year term of supervised release with terms fixed by the Court, including:

> The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time with or without cause. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

In light of the nature of defendant's offense and criminal history, the parties agree that this search condition is appropriate and is reasonably related to rehabilitation and deterrence.

DATED: August 13, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

            /s/
_____
GARTH HIRE
Assistant United States Attorney